```
              UNITED STATES BANKRUPTCY COURT
            FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )    Chapter 7
ANNETTE SUE DUNBAR,             )
                                )    Bankruptcy No. 06-00074
     Debtor.                    )
------------------------------  )
GAIL BENSON,                    )
                                )    Adversary No. 06-09079
     Plaintiff,                 )
                                )
vs.                             )
                                )
ANNETTE SUE DUNBAR,             )
                                )
     Defendant.                 )
```

**ORDER RE: COMPLAINT TO DECLARE DEBT NON-DISCHARGEABLE**

This matter came before the undersigned on January 19, 2007. Plaintiff Gail Benson was represented by Francis Wm. Henkels. Debtor Annette Sue Dunbar was represented by Stuart G. Hoover. After oral argument on stipulated facts, the Court took the matter under advisement. The parties supplemented the record with exhibits filed on March 6 and 26, 2007. A telephonic hearing also was held on March 30. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Plaintiff asserts that a $218,663.30 default judgment awarded to her by an Illinois state court is nondischargeable because (1) the state court found that the predicate injury was "willful and malicious" and (2) Debtor pled guilty to criminal battery for causing Plaintiff's injury. Debtor asks this Court to make independent findings on whether Plaintiff's claim meets the "willful and malicious" requirements of 11 U.S.C. § 523(a)(6).

**STATEMENT OF FACTS**

On February 2, 2002, Ms. Benson and Debtor were patrons at the Moonlight Gardens restaurant in Galena, Illinois. At some point during the night an altercation ensued between them. Ms. Benson claims that Debtor, without provocation, grabbed her by the hair and jerked her from her seat to the floor. She asserts

Debtor then began dragging her across the floor by her hair, causing serious injuries.  On September 23, 2002, Debtor pled guilty to battery in Illinois.  She was represented by counsel throughout her criminal proceedings.

On January 26, 2004, Ms. Benson sued Debtor in Illinois. The parties litigated the case for several months, with Debtor at one point filing an unsuccessful motion to dismiss.  In January 2005, Debtor's attorney withdrew from the case because Debtor no longer could afford his services.  On July 5, 2005, the Illinois court held a hearing on the matter.  Debtor did not attend the hearing.  On August 17, 2005, the court entered a $218,663.30 default judgment against Debtor.  The state court found that Debtor had committed a battery upon Ms. Benson, causing two herniated discs in her neck.  The court awarded the judgment based on the following amounts:

| | | |
|---|---|---|
| 1. | Medical bills | $ 8,663.30 |
| 2. | Past Pain and Suffering | 45,000.00 |
| 3. | Future Pain and Suffering | 90,000.00 |
| 4. | Permanent Disability | 50,000.00 |
| 5. | Punitive Damages | 25,000.00 |

The Illinois court held that punitive damages were warranted because Debtor's "actions were intentional, willful and malicious and without legal justification."

Debtor claims that she never received notice of the hearing because she no longer had an attorney and had moved from Illinois to Wisconsin.  Court records indicate that Debtor received no notice because the court did not have Debtor's address on file. Debtor asserts that had she received notice, she would have attended the hearing pro se and argued self defense.

On February 15, 2006, Debtor filed her Chapter 7 petition. She listed the debt to Ms. Benson on Schedule F of her petition as a $223,492.36 civil judgment.  Her other debts, which include credit card and medical debts, total $27,688.66.

On March 21, 2006, Ms. Benson filed a complaint asking the Court to declare Debtor's debt to Ms. Benson nondischargeable. Ms. Benson claims that because the state court found that Debtor's actions were "willful and malicious," and because Debtor pleaded guilty to committing an intentional battery, Debtor's debt to Ms. Benson is nondischargeable pursuant to 11 U.S.C.

2

§ 523(a)(6). Debtor asserts that she acted in self defense. She asks this Court to make independent findings on the elements of willfulness and malice for the purpose of determining dischargeability.

## APPLICABLE LAW

Section 523(a)(6) of the Bankruptcy Code provides that a Chapter 7 discharge does not discharge a debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." The plaintiff must prove these elements by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991).

## ROOKER-FELDMAN DOCTRINE

Ms. Benson asserts that the elements of willfulness and malice were proven during Debtor's state court proceedings, and that under the Rooker-Feldman doctrine this Court lacks jurisdiction to reconsider whether Debtor acted willfully and maliciously for the purposes of § 523(a)(6).

The Rooker-Feldman doctrine is derived from two Supreme Court cases, Rooker v. Fidelity Trust, 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). In its simplest formulation, the doctrine holds that federal courts lack subject matter jurisdiction to engage in appellate review of state court judgments, "as that appellate function is reserved to the Supreme Court under 28 U.S.C. § 1257." Dornheim v. Sholes, 430 F.3d 919, 923 (8th Cir. 2005). Federal courts lack jurisdiction even where the claim is styled as something other than a direct appeal, if the claim brought before the federal court is "inextricably intertwined" with the state court judgment. Feldman, 460 U.S. at 481 n.16. In a recent case, the Supreme Court limited the application of the Rooker-Feldman doctrine to "cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284 (2005).

It is true that under Rooker-Feldman this Court does not have jurisdiction to revisit the state court finding that Debtor owes a $218,663.30 debt to Ms. Benson. Determining whether a debt is nondischargeable in bankruptcy, however, is a separate and distinct issue from determining the existence of a debt or claim. In re Hodges, 271 B.R. 347, 350-51 (Bankr. N.D. Iowa

3

2000). A bankruptcy court is not prohibited by the Rooker-Feldman doctrine from inquiring into the nature of a debt in order to determine whether the debt is nondischargeable. In re Chaney, 229 B.R. 266, 269 (Bankr. D.N.H. 1999).

If a state court judgment has any effect on the determination of dischargeability, it is under the doctrine of collateral estoppel. The use of a state court judgment to "establish the basis for a derivative claim, i.e., a determination of nondischargeability . . . clearly falls within the ambit of the collateral estoppel doctrine," rather than the Rooker-Feldman doctrine. In re Binns, 328 B.R. 126, 132 (B.A.P. 8th Cir. 2005).

**COLLATERAL ESTOPPEL**

While this Court has jurisdiction to determine whether Debtor's debt is dischargeable, it nevertheless may be bound by factual findings of the state court under the doctrine of collateral estoppel. Collateral estoppel, or "issue preclusion," applies in dischargeability proceedings brought under § 523(a). Grogan, 498 U.S. at 284-85 n.11; In re Madsen, 195 F.3d 988, 989 (8th Cir. 1999). Whether a state court judgment is given preclusive effect must be determined according to the state's own preclusion law. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985); Madsen, 195 F.3d at 989.

In Illinois, four requirements must be satisfied for issue preclusion to take effect: "1) the issue sought to be precluded must be the same as that involved in the prior action, 2) the issue must have been actually litigated, 3) the determination of the issue must have been essential to the final judgment, and 4) the party against whom estoppel is invoked must be fully represented in the prior action." Klingman v. Levinson, 831 F.2d 1292, 1295 (7th Cir. 1987).

Debtor was not represented by counsel at her civil hearing. Therefore, the Illinois civil court's determination that Debtor acted willfully and maliciously has no preclusive effect. Debtor was fully represented, however, in her criminal case. As a result, collateral estoppel may apply to any issues litigated in the Illinois criminal case that were essential to the court's final judgment.

The factual issues presented here are the same as those that arose in the criminal action against Debtor. In order to except a debt from discharge under § 523(a)(6), Ms. Benson must establish by a preponderance of the evidence that the debt arises

from an injury that is both willful and malicious. <u>Grogan</u>, 498 U.S. at 291; <u>In re Scarborough</u>, 171 F.3d 638, 641 (8th Cir. 1999); <u>In re Loque</u>, 294 B.R. 59, 63 (B.A.P. 8th Cir. 2003). The term "willful" means deliberate or intentional. <u>Kawaauhau v. Geiger</u>, 523 U.S. 57, 61 (1998). Malice requires only that the conduct be targeted at the creditor, at least in the sense that the conduct is certain or almost certain to cause harm. <u>Scarborough</u>, 171 F.3d at 641. The standard of proof of malice does not require spite, ill will, or personal animosity. <u>In re Fors</u>, 259 B.R. 131, 137 (B.A.P. 8th Cir. 2001).

The Illinois criminal statute to which Debtor pled guilty creates liability for willful acts performed with conscious awareness that harm was almost certain to occur as a result of that action. Debtor pled guilty to battery pursuant to 720 Ill. Comp. Stat. 5/12-3. <u>Plaintiff's Exhibit A</u>. Under Illinois law, "[a] person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 Ill. Comp. Stat. 5/12-3. A defendant acts "knowingly" when the defendant is "consciously aware" that the conduct described in the statute is "practically certain to be caused by his conduct." 720 Ill. Comp. Stat. 5/4-5. A defendant who acts knowingly necessarily acts willfully, absent contrary statutory authority. <u>Id.</u> No contrary statutory exists here.

A factual finding that satisfies the requirements for misdemeanor battery in Illinois also satisfies those of § 523(a)(6). To be found guilty of battery, Debtor must have acted "willfully." She must also have acted with "conscious awareness" that Ms. Benson's injuries were practically certain to result from her conduct. For these reasons, the "willful and malicious" requirements of § 523(a)(6) are satisfied. Moreover, these issues were actually litigated in the criminal proceedings against Debtor. In Illinois, a "guilty plea is sufficient to constitute litigation on the issues." <u>In re Baker</u>, 108 B.R. 663, 665 (Bankr. S.D. Ill. 1990). Finally, these issues were essential to the judgment.

In summary, the criminal judgment against Debtor precludes this Court from revisiting the factual question of whether Debtor acted willfully and maliciously. The state court's findings, made in the misdemeanor battery case, must be honored. Because Debtor acted willfully and maliciously, this Court must conclude that her debt to Ms. Benson is excepted from discharge pursuant to § 523(a)(6).

5

**WHEREFORE**, Ms. Benson's complaint to declare this debt non-dischargeable is GRANTED.

**FURTHER**, the debt to Plaintiff is excepted from discharge under § 523(a)(6).

**FURTHER**, judgment shall enter accordingly.

Dated and Entered:

April 5, 2007

                                                                */s/ Paul J. Kilburg*

Paul J. Kilburg
Bankruptcy Judge